Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7416 | **DATE** | 8/30/2012 |
| **CASE TITLE** | Kenneth Kube v. Creditors Collection Bureau, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant Creditors Collection Bureau, Inc.'s Motion for Summary Judgment [18] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the Court is Defendant Creditors Collection Bureau, Inc.'s ("CCB") Motion for Summary Judgment against Plaintiff Kenneth Kube ("Kube"). For the following reasons, the motion is denied.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Egan v. Freedom Bank, 659 F.3d 639, 642 (7th Cir. 2011). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 656 (7th Cir. 2011) (internal citations omitted). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter." Gonzalez v. City of Elgin, 578 F.3d 526, 529 (7th Cir. 2009) (internal citations omitted). Once a party has properly moved for summary judgment, "the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)). "To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in her favor; if she is unable to 'establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial,' summary judgment must be granted." Benuzzi, 647 F.3d at 662 (quoting Celotex Corp., 477 U.S. at 322) (alterations in original).

Kube sues CCB under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. "The [FDCPA] regulates interactions between consumer debtors and 'debt collector[s].'" Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608 (2010). "The purpose of the [FDCPA] is to protect consumers." O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (quoting Muha v. Encore Receivable Mgmt., 558 F.3d 623, 627 (7th Cir. 2009)). Claims under the FDCPA are evaluated using the "unsophisticated consumer" standard. See Lox v. CDA, Ltd., No. 11-2729, 2012 WL 3124781, at *2 (7th Cir. Aug. 2, 2012). "The unsophisticated debtor is 'uninformed, naïve, [and] trusting' but is also assumed 'to possess rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.'" McKinney v. Cadleway Props., Inc., 548 F.3d 496, 503 (7th Cir. 2008) (quoting Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 414 (7th Cir. 2005)).

Kube alleges FDCPA violations pursuant to § 1692d and § 1692d(5). Under § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d(5) outlines a specific violation of this section for "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Id. § 1692d(5). Kube alleges that CCB "engaged in a course of continuous and repeated collection calls the natural consequence of which was to harass, oppress, or abuse him." Pl.'s Resp. in Opp. to Def.'s Mot. for Summary Judgment 5. To the extent that the evidence and allegations fall entirely under § 1692d(5), the Court need not separately analyze Kube's claims under § 1692d. See

---

Hendricks v. CBE Group, Inc., No. 11 C 2783, 2012 WL 1191861, at *3 n. 2 (N.D. Ill. Apr. 10, 2012) ("Because [plaintiff] has not alleged any other conduct under § 1692d, [the court] will only analyze his claim under § 1692d(5).").

"Whether 'repeated phone calls were made with intent to annoy, abuse, or harass,' depends on the volume and pattern of calls." Id. (quoting Majeski v. I.C. Sys., Inc., 08 CV 5583, 2010 WL 145861, at *3 (N.D. Ill. Jan. 8, 2010)). Generally, there are two types of evidence presented to show an intent to harass under § 1692d(5). See id. "First, where a plaintiff has shown that he asked the collection agency to stop calling . . . and the collection agency nevertheless continued to call the plaintiff. . . ." Id. "Second, the volume and pattern of the calls may themselves evidence an intent to harass." Id. Often, "the reasonableness of the volume and pattern of telephone calls is a question of fact best left to a jury." Majeski, 2010 WL 145861, at *3; see also Bassett v. I.C. Sys., Inc., 715 F. Supp. 2d 803, 810 (N.D. Ill. 2010) ("Because it is undisputed that [defendant] called [plaintiff] thirty-one times over a twelve day period, [plaintiff] has presented sufficient evidence raising a genuine issue of material fact that [defendant] violated Section 1692d(5) of the FDCPA.").

It is undisputed that Kube incurred and still owes the debts which were forwarded to CCB for collection. As a result of numerous outstanding debts that have been transferred to debt collectors, Kube "has created approximately 16 different call logs for various debt collectors placing calls to him." Def.'s Stat. of Facts ¶ 10. "[A]fter a certain point, [Kube] consults with his attorneys as to whether [the] calls are potentially a violation of the FDCPA." Pl.'s Am. Stat. of Facts ¶ 11. Kube's call log for CCB contains seventy-six calls purportedly made by CCB to Kube from March 2010 through October 2010. Id. Ex. B.

CCB also "maintains detailed collection notes . . . regarding the activity that takes place on each account." Def.'s Stat. of Facts ¶ 27. According to CCB's collection notes for Kube's account, "[b]etween March 3, 2010 and November 21, 2010 . . . CCB placed 98 calls to [Kube's telephone number]." Id. ¶ 39. CCB never called Kube more than twice in one day, id. ¶ 40; never called before 8:00 a.m. or after 9:00 p.m., id. ¶ 44; and never "called, hung up, and immediately called back," id. ¶ 49. While the parties dispute how many times Kube actually answered CCB's calls, it is in no cases more than six. The parties also dispute whether Kube ever asked CCB to stop calling or harassing him. In his deposition, Kube claims that he asked CCB to stop calling on each of the approximately six occasions that he answered its calls. Pl. Am. Stat. of Facts Ex. A at 70:7-24. CCB's records reveal only two answered calls, the transcripts of which do not include a plea from Kube to stop the calls. However, in the second recorded call, because the caller was unable to divulge the company from which they were calling without Kube first identifying himself, Kube tells the CCB caller, "Well then I will be calling the police because you're harassing me. Because you cannot tell me the name of the company your [sic] calling from." Def.'s Stat. of Facts Ex. 3 at ¶ 32.

To determine whether CCB intended to harass Kube, the Court considers whether Kube ever asked CCB to stop calling, as well as evidence regarding the volume and pattern of calls. With respect to the former, Kube's sworn deposition testimony that he asked CCB to stop calling is enough to create a genuine issue of material fact. See Hendricks, 2012 WL 1191861, at *4. With respect to the latter, CCB admits that it called Kube ninety-eight times over a period of almost nine months. Whether that is an unreasonable volume and pattern of calls to constitute harassment is a question for the jury. See Majeski, 2010 WL 145861, at *4 (stating that the court is unable to assume whether the reasonable juror would find sixty-seven calls harassing). Therefore, the reasonableness of the call volume and pattern also remains a genuine issue of material fact for trial. CCB is not entitled to judgment as a matter of law at this time.

Viewing the facts in a light most favorable to Kube, whether the volume and pattern of the phone calls from CCB constitutes harassment under the FDCPA remains a genuine issue of material fact for trial. For the foregoing reasons, CCB's motion for summary judgment is denied. In addition, CCB argues that Kube brings his claims in bad faith pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. The Court declines to decide that issue at this time. The admissibility of any evidence of bad faith against Kube in bringing his claims shall be decided through motions in limine before the trial date. IT IS SO ORDERED.